George Lee **WILSON**, Plaintiff,

v.

Frank **LOFTUS**, Defendant.

Civ. A. No. 79–37.

United States District Court,
D. Delaware.

May 23, 1980.

---

George Lee Wilson, pro se.

John J. Polk, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

George Lee Wilson ("plaintiff"), a state prisoner incarcerated at the Delaware Correctional Center ("D.C.C."), has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint alleges that plaintiff's participation in the extended furlough program was revoked without due process of law. Presently before the Court is the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

According to the allegations set forth in the complaint, which must be accepted as true for purposes of the instant motion, plaintiff was assigned to the furlough program at D.C.C. for a period of eight months. On the evening of August 3, 1978 plaintiff was at the home of his mother,

Trafina Wilson. When Jerome Powell, an employee of the Department of Corrections, telephoned her home, Mrs. Wilson incorrectly indicated that plaintiff was not present. In fact, plaintiff was sitting on the front porch of the home.

Plaintiff was summoned to Mr. Powell's office the following morning and was taken into custody and returned to D.C.C. On October 5, 1978, the plaintiff appeared before the Minimum Adjustment Board. Based on the evidence presented there, plaintiff was found not to have violated curfew. The Board recommended that plaintiff be returned to the furlough program.

Two weeks later, on October 18, 1978, the Institution Classification Committee ("I.C. C.") reclassified plaintiff from furlough status to medium security custody. Plaintiff was not afforded an opportunity to appear before the I.C.C. Plaintiff's § 1983 complaint, liberally construed, claims a denial of procedural due process in violation of the fourteenth amendment.

In his motion to dismiss, defendant Frank Loftus, the chairman of the I.C.C., contends that participation in the extended furlough program does not give rise to a liberty or property interest protected by the fourteenth amendment. Therefore, it is argued, no due process requirements need be met.

■ Supreme Court decisions attempting to define the extent of a prisoner's fourteenth amendment liberty interest have recognized both Constitutionally based interests and interests arising by operation of state law. Within the first category, the Court has distinguished between liberty one has attained which the state later seeks to revoke and liberty not yet attained but for which an inmate claims eligibility. *Compare Morrisey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (liberty interest attaches in parole revocation) *with Greenholtz v. Inmates of Nebraska Penal Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (no liberty interest implicated by mere existence of state parole system). Even where the Constitution is not the source of a protectible liberty

998

interest, state law creating expectations based upon sufficiently specific criteria can give rise to an interest entitled to due process protection. *Compare Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) (state "good-time credit" system permitting forfeiture of credits only for serious misconduct triggers due process requirements) *with Meachum v. Fano*, 427 U.S. 215, 226–27, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976) (no due process rights attach to transfer of inmates between prisons where no state-created right exists conditioning transfer on occurrence of specified events).

In reviewing a claimed denial of due process concerning the work release program at D.C.C., the Third Circuit Court of Appeals in *Winsett v. McGinnes*, 617 F.2d 996 (3d Cir. 1980), recently held that constitutionally protected interests may arise from the statute creating the program, the regulations implementing the program, and in some cases the policies and practices of officials in administering the program. *Id.* at 1004–06. The record in the instant case is devoid of information concerning the statutory or regulatory criteria governing participation in the extended furlough program, nor is there an indication of the policies and practices employed by officials in the administration of the program.

Dismissal of an action pursuant to F.R.Civ.P. 12(b)(6) is appropriate only when a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Here, plaintiff may be able to demonstrate the existence of binding criteria for participation in the extended furlough program sufficient to trigger the protections of due process. Moreover, the Court cannot determine from the present record whether participation in the extended furlough program is substantially the same as release on parole, and therefore whether *Morrisey v. Brewer, supra*, controls. Accordingly, defendant's motion to dismiss must be denied.